Matthew P. Krupnick, Esq. State Bar # 234822
Stephanie E. Story, Esq. State Bar #263786
KRUPNICK & KRUPNICK, A Professional Law Corporation
411 N. Central Avenue, Suite 210
Glendale, CA 91203
Tel: (310) 477-0404
Fax: (888) 699-8511

Attorneys for Plaintiff
NAKEMMA BORDLEY-ROMERO

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LACV14-8360DSF (SHx)

| | |
|---|---|
| NAKEMMA BORDLEY-ROMERO, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT; LONG BEACH POLICE OFFICER RAMIREZ; SGT. JACOBS; and DOES 1-25, Inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>(Jury Trial Demanded)<br><br>Claims for:<br><br>**VIOLATION OF CIVIL RIGHTS**<br>**42 U.S.C. § 1983**<br>1. Excessive Force<br>2. Failure to Protect or Intervene<br>3. Assault and Battery<br>4. Pattern, Practice, Custom and Policy of Negligent Hiring, Training and/or Retention<br>5. Intentional Infliction of Emotional Distress |

**COMES NOW PLAINTIFF, NAKEMMA BORDLEY-ROMERO** (hereinafter referred to as "Plaintiff") and alleges as follows:

1. This is a civil lawsuit brought by Plaintiff, who was the victim of police brutality and inadequate training, hiring, retention, and discipline of the subject police officer as part of a custom and practice practiced by the Defendants City of Long Beach, the Long Beach Police Department, the County of Los Angeles, Long Beach Police Officer Ramirez (the first name and badge number of this officer is still being investigated), and Does 1-25 (hereinafter referred to as "Defendants"). Plaintiff, who was not accused of committing any crime and was in a place

1

Matthew P. Krupnick, Esq. State Bar # 234822
Stephanie E. Story, Esq. State Bar #263786
KRUPNICK & KRUPNICK, A Professional Law Corporation
411 N. Central Avenue, Suite 210
Glendale, CA 91203
Tel: (310) 477-0404
Fax: (888) 699-8511

Attorneys for Plaintiff
NAKEMMA BORDLEY-ROMERO

## SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NAKEMMA BORDLEY-ROMERO, an Individual,<br><br>            Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT; LONG BEACH POLICE OFFICER RAMIREZ; SGT. JACOBS; and DOES 1-25, Inclusive,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Jury Trial Demanded)**<br><br>Claims for:<br><br>**VIOLATION OF CIVIL RIGHTS**<br>**42 U.S.C. § 1983**<br>1. Excessive Force<br>2. Failure to Protect or Intervene<br>3. Assault and Battery<br>4. Pattern, Practice, Custom and Policy of Negligent Hiring, Training and/or Retention<br>5. Intentional Infliction of Emotional Distress |

      **COMES NOW PLAINTIFF, NAKEMMA BORDLEY-ROMERO** (hereinafter referred to as "Plaintiff") and alleges as follows:

    1. This is a civil lawsuit brought by Plaintiff, who was the victim of police brutality and inadequate training, hiring, retention, and discipline of the subject police officer as part of a custom and practice practiced by the Defendants City of Long Beach, the Long Beach Police Department, the County of Los Angeles, Long Beach Police Officer Ramirez (the first name and badge number of this officer is still being investigated), and Does 1-25 (hereinafter referred to as "Defendants"). Plaintiff, who was not accused of committing any crime and was in a place

where she had a legal right to be, suffered from excessive force and physical abuse at the hands of Long Beach Police Officer Ramirez in a wholly unprovoked, unjustified, excessive manner. Plaintiff was already suffering physical ailments including, but not limited to, recent foot surgery, and in fact was moving with the aid of a cane, when this unprovoked attack occurred, aggravating Plaintiff's injuries and causing new injuries, for which Plaintiff is still undergoing medical treatment. Plaintiff has also sustained extreme emotional distress as a result of this violent encounter with Ramirez. Plaintiff further alleges that Sgt. Jacobs who arrived on the scene failed to protect or intervene, and further contributed to the negligent acts of Officer Ramirez by failing to reprimand, discipline, or in any other way rectify the abuse suffered by Plaintiff, thereby ratifying/condoning such behavior.

2. This claim is also brought against Defendants for ratifying, encouraging and/or supporting the illegal and/or wrongful conduct of this individual officer, and for Defendants' complete failure to adequately train or otherwise prevent its officers from committing illegal acts and abusing their inherent powers as officers of the law, thereby making the Defendants, and each of them, responsible for the negligent, objectively unreasonable, and/or willful misconduct of the Defendants and subject to liability, including punitive damages, for the severe damages caused to the Plaintiff as described herein. Compensatory and punitive damages are sought against the individual law enforcement officers involved in the deprivation of Plaintiff's civil rights as guaranteed by the laws of the State of California, as well as against the County of Los Angeles, City of Long Beach, Long Beach Sheriff's Department, and DOES 1-25.

## THE PARTIES

3. Plaintiff Nakemma Bordley-Romero (also referred to as "Plaintiff") is, and at all relevant times was, a citizen and resident of the State of California. At the times of the acts complained of herein, Plaintiff was an adult and has standing to bring this action.

4. Defendant COUNTY OF LOS ANGELES (hereinafter referred to as "COUNTY") is the governmental body for the County of Los Angeles, California. COUNTY is and at all times herein mentioned has been a public entity and county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned,

Defendant COUNTY has possessed the power, authority and legal duty to adopt policies and prescribe rules, regulations and practices affecting the operation and actions of the CITY and Long Beach Police Department ("LBPD"), Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs and usages. The COUNTY is liable for the conduct of the CITY and/or LBPD and its individual officers, including based on respondeat superior, vicarious liability, and/or ratification of the illegal and inappropriate conduct of the LBPD and its officers as complained of herein.

5. Defendant CITY OF LONG BEACH, (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power, authority and legal duty to adopt policies and prescribe rules, regulations and practices affecting the operation and actions of the Long Beach Police Department ("LBPD"), Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs and usages. The CITY is liable for the conduct of the LBPD and its individual officers, including based on respondeat superior, vicarious liability, and/or ratification of the illegal and inappropriate conduct of the LBPD and its officers as complained of herein.

6. Defendant LONG BEACH POLICE DEPARTMENT ("LBPD") was and is a public agency duly organized and existing under and by the laws of the State of California and/or were departments of Defendants County of Los Angeles and/or City of Long Beach. Plaintiff is informed and believes and thereon alleges that Defendants County of Los Angeles and/or City of Long Beach were the employer of all individually named officers herein and DOE Defendants 1-25.

7. At all times herein mentioned, Defendant LONG BEACH POLICE OFFICER RAMIREZ (Defendant's first name and badge identification number is unknown at this time) (hereinafter referred to as "RAMIREZ"), individually and as a peace officer was and is an employee of the DEFENDANTS COUNTY, CITY AND/OR LBPD and was at all times relevant to this action acting in the course and scope of his employment, and with the express or implied

3

permission and/or consent of the DEFENDANTS COUNTY, CITY AND/OR LBPD.

8. At all times herein mentioned, Defendant LONG BEACH POLICE OFFICER SGT. JACOBS (Defendant's first name and badge identification number is unknown at this time) (hereinafter referred to as "JACOBS"), individually and as a peace officer was and is an employee of the DEFENDANTS COUNTY, CITY AND/OR LBPD and was at all times relevant to this action acting in the course and scope of his employment, and with the express or implied permission and/or consent of the DEFENDANTS COUNTY, CITY AND/OR LBPD.

9. The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1-25, inclusive, are now unknown to Plaintiff, and Plaintiff sues said Defendants by such fictitious names. Plaintiff will ask leave of court to amend this complaint to show the true names and capacities of said defendants once such names have been ascertained. Upon information and belief, and based thereon, Plaintiff alleges that the Defendants DOES 1-25 contributed to or are each individually and/or collectively responsible in some manner for the incidents described herein. Each and every Defendant, including DOES 1-25, acted together in furtherance of the wrongs perpetrated, as described herein, against Plaintiff, were co-conspirators, and/or acted on behalf of each other to commit wrongs alleged herein.

## JURISDICTION AND VENUE

10. This action arises under Title 42 U.S. Code Sections 1983 and 1988 and the United States Constitution. The jurisdiction of this Court is invoked under 28 U.S. Code Sections 1331 and 1343. The supplemental jurisdiction of this Court is also invoked.

11. Venue is proper in the Central District of California because all of the acts and omissions complained of occurred within the State of California, County of Los Angeles, City of Long Beach.

///

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. At the time of the subject incident in which Long Beach Police Department Officer Ramirez physically abused Plaintiff NAKEMMA BORDLEY-ROMERO at her cousin Douglas Price's residence, located at Pine Avenue in Long Beach, California, several other adults were

4

present at the subject location, including Plaintiff's fiancé Tyren Dillen, Plaintiff's sister Rasheena, Plaintiff's cousin Douglas Price and his wife, Maria Price, and a family friend, Lucille Gray, who witnessed all of the acts complained of herein. Plaintiff was at all times relevant to this action entitled to the protections offered by the law, including the Constitution of the State of California and the United States, and that Plaintiff at any time relevant to this litigation did not commit any crime or gave any person or entity a reasonable belief or suspicion that she had done so.

12. The incident complained of occurred at 1872 Pine Avenue in the City of Long Beach, County of Los Angeles, on or about October 28, 2012. Plaintiff Nakemma Bordley-Romero ("Plaintiff") was at a family gathering at her cousin Douglas Price's residence, along with Plaintiff's fiancé Tyren Dillen, Plaintiff's sister Rasheena, Plaintiff's cousin Douglas Price and his wife, Maria Price, and a family friend, Lucille Gray.

13. Maria and the upstairs neighbor got into an argument, which resulted in a physical altercation. Douglas tried to break them apart, and dropped his cell phone. Douglas then asked Ms. Bordley-Romero to pick up his phone. Ms. Bordley-Romero then began looking for his cell phone.

14. Plaintiff Ms. Bordley-Romero had just recently undergone surgery on her leg on September 15, 2012 due to a previous leg and foot injury. On or about June 3, 2010, Ms. Bordley-Romero sustained severe, life-altering injuries to her left foot, leg and back when she fell into an open utility box on a sidewalk in Compton. Ms. Bordley-Romero sustained a left distal fibular avulsion fracture and a disc bulge at L5-S1. Ms. Bordley-Romero subsequently developed severe complex regional pain syndrome in her left lower extremity, underwent several series of epidural injections, multiple nerve release surgeries in her leg (the most recent taking place on September 15, 2012), and, despite these severe injuries, was on the road to recovery when this incident occurred. Ms. Bordley-Romero's recent surgery was readily apparent, given that her leg was still wrapped in a bandage, and she was limping and walking with the use of a cane.

15. Another neighbor called the police. Long Beach Police Officer Ramirez responded on the scene. As Ms. Bordley-Romero was walking toward her cousin looking for his

5

phone, Ms. Bordley-Romero walked around Officer Ramirez and said "Excuse me, sir", and began to move in front of him with the left side of her body toward the staircase to continue looking for her cousin's phone. Officer Ramirez then turned the right side of his body, and screamed at Ms. Romero-Bordley, *"Get the fuck away from me, don't fucking touch me."* This was heard and witnessed by Lucille Grey, Tyren Dillen and Rasheena.

16. Officer Ramirez then stuck his right arm out and with his body weight slammed the left side of Ms. Bordley-Romero's body into the wooden fence. Officer Ramirez then pushed Ms. Bordley-Romero again, making her back side strike the fence. Ms. Bordley-Romero became hunched over and began to cry. While she was still hunched over crying, Officer Ramirez again yelled at Ms. Bordley-Romero, *"Don't fucking touch me."*

17. Tyren and Rasheena said, "Sir, she didn't do anything, she is just looking for a cell phone. Don't you see she is disabled and walks with a cane?" Rasheena further said, "You don't need to do that, sir, my sister just had surgery." Officer Ramirez responded, saying *"I don't give a fuck, and you two shut the fuck up before I arrest you"*.

18. Tyren responded, "That's my wife and she did nothing wrong. All she was doing was looking for a cell phone. She never touched you." Tyren then helped Ms. Bordley-Romero into the house, where she asked to speak to a Sargeant on the scene. Once Sgt. Jacobs arrived, Ms. Bordley-Romero explained what happened with Officer Ramirez and asked for his name and badge number. Sgt. Jacobs said, "No problem", and told her that he would send her a copy of a report and investigation regarding this incident, but has not received anything from the Long Beach Police Department.

19. Ms. Bordley-Romero presented right away to St. Mary's Medical Center, located at 1050 Linden Avenue, Long Beach. Ms. Bordley-Romero sustained severe injuries including, but not limited to, whiplash effect, re-aggravation of a previous back injury, bruising to her face, waist, rib fracture, right leg, a mark of the Officers' gun holster and gun on her hips, a strained right shoulder, left wrist injury, and another neuroma in her foot, which prior to this incident was healing.

20. Ms. Bordley-Romero was healing from her previous foot and back injuries sustained in a trip and fall accident (for which she had undergone surgery on Sept. 15 and for

which she was treated by Dr. Gabriel Halperin, 3616 E. 1st St. in Los Angeles), and these injuries were greatly aggravated by this incident, causing further damage, including epidural pain injections, and future surgery to her foot. Ms. Romero-Bordley is also receiving pain management services from Dr. Miller, 3311 E. Willow St. in Long Beach.

21. Due to the severity of Ms. Bordley-Romero's injuries, her medical expenses will be approximately 6 figures, including the surgery she now needs due to the excessive force upon her by Officer Ramirez, ratified and/or encouraged by Sgt. Jacobs, as well as DOES 1-25, inclusive.

22. The City of Long Beach and/or the Long Beach Police Department, are vicariously liable for the negligence of their employees who acted below the standard of care by acting negligently, recklessly, carelessly, using excessive force, physical assaulting Ms. Romero-Bordley, as well as inflicting emotional distress.

23. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. Each Defendant acted in furtherance of, conspiracy with, and willful intent to harm Plaintiff as described more fully below. The true names and capacities of DOES 1 through 25, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names and will be added to this action as alleged above.

24. Defendant RAMIREZ did commit the acts and omissions hereinafter alleged in bad faith, in a negligent manner with a callous disregard for the safety and physical well-being of Plaintiff, and/or with knowledge that his conduct violated well established and settled law. All Defendants share legal responsibility for the damages caused by failing to prevent the subject incident from occurring, failing to intervene once the wrongful acts were known to each Defendant, and/or for ratifying the conduct of the Defendants that give rise to this lawsuit.

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS EXCESSIVE FORCE

### (By Plaintiff Against Defendant Officer Ramirez)

7

25. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 24 this complaint, and by this reference incorporates the same herein and makes each a part hereof.

26. Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants and DOES 1-25, and each of them, intentionally and maliciously deprived Plaintiff of rights secured to her by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Defendants subjected Plaintiff to excessive and unreasonable force, thereby depriving Plaintiff of rights secured to her by the federal constitution.

27. Defendants, at all times relevant herein, were employed by the County of Los Angeles and/or City of Long Beach and/or Long Beach Sheriff's Department and, in doing the acts described herein, were acting under the color and/or authority of the County of Los Angeles and/or City of Long Beach and/or Long Beach Sheriff's Department and in the furtherance and within the scope of their duties as employees and/or agents of the County of Los Angeles and/or City of Long Beach and/or Long Beach Sheriff's Department.

28. Plaintiff, at all times relevant hereto, was unarmed, non-violent, had not committed any unlawful acts, and posed no threat to any of the law enforcement officers present and/or involved with Plaintiff.

29. The uses of unreasonable and excessive force set forth herein above violated Plaintiff's Federal Constitutional Fourth Amendment right to be secure in her person from unreasonable searches and seizures.

30. No reasonable officer under these or similar circumstances could have reasonably believed that the levels of force employed against Plaintiff were justified.

31. Because Defendant Ramirez used such unreasonable and excessive force on Plaintiff upon physically assaulting her twice, the immunities that Defendant Ramirez would otherwise enjoy are not applicable to him, thus exposing him to liability.

32. Defendants knew, or should have known, based on information from ALL persons present at the scene, including Plaintiff, her fiancé, and her sister, that Plaintiff suffered from a

disability, as evidenced by the bandaged leg, cane and limp. Defendants used excessive and unreasonable force against an innocent woman with no justification whatsoever.

33. As a direct and proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain including, but not limited to, severe injuries including, but not limited to, whiplash effect, re-aggravation of a previous back injury, bruising to her face, waist, rib fracture, right leg, a mark of the Officers' gun holster and gun on her hips, a strained right shoulder, left wrist injury, and another neuroma in her foot, which prior to this incident was healing, as well as fear, anxiety, torment, degradation and emotional distress.

34. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff has incurred medical and therapeutic expenses for injuries sustained in the subject incident as well as re-aggravated injuries, in an amount to be proved at trial.

35. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorneys' fees pursuant to statute.

## SECOND CAUSE OF ACTION
## FAILURE TO PROTECT AND INTERVENE
### (By Plaintiff NAKEMMA BORDLEY-ROMERO Against All Defendants)

36. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 36 this complaint, and by this reference incorporates the same herein and makes each a part hereof.

37. Defendants, and each of them, were at all times relevant hereto, acting within the scope of their employment under color of the state law in their positions as officers, agents and/or employees of the County of Los Angeles and/or City of Long Beach and/or Long Beach Sheriff's Department, an administrative agency of the government of the State of California.

38. Defendants, and each of them, were deliberately indifferent to the harms that Plaintiff suffered and continues to suffer.

39. Defendants' deliberate indifference put Plaintiff in danger by causing and/or contributing to the following acts or omission:

  a. Defendants, or some of them, placed Plaintiff in positions of danger, to wit, being subjected to physical abuse and excessive force for no justifiable reasons, as Plaintiff was not committing any illegality that could possibly justify the actions of the Defendants, especially given the precarious physical state of Plaintiff at the time of the subject incident, to wit, a cast on her left leg due to recent surgery from a previous injury.

  b. Each of the Defendants had the then present ability to protect Plaintiff from harm;

  c. Officer Ramirez and any other officers present had the ability to prevent Plaintiff from being wrongfully subjected to excessive force, but recklessly and with gross negligence failed to do so;

40. The individually named Defendants, at all times relevant herein, were employed by DEFENDANT COUNTY, CITY AND/OR LBPD, and, in doing the acts described herein, were acting under the color and/or authority of the Defendants and in the furtherance and within the scope of their duties as employees and/or agents of the DEFENDANT COUNTY, CITY AND/OR LBPD

41. By failing to protect or intervene in the aforementioned violations, DEFENDANT COUNTY, CITY AND/OR LBPD violated Plaintiff's federal constitutional right, namely the right under the Fourteenth Amendment to be free from state deprivation of liberty without due process of law. By failing to protect the Plaintiff from the excessive force leading to her brutal assault and battery (*which was so brutal so as to result in Officer Ramirez's gun becoming imprinted on her hip*), Defendants, working under the color of state law, violated her Fourth Amendment right to be secure in her person from unreasonable searches and seizures, as incorporated by the Due Process Clause of the Fourteenth Amendment

42. The individually named Defendant(s) were all were present at the scene and being physically or otherwise unrestrained, had the opportunity and duty to intervene in the constitutional abuses being inflicted upon Plaintiff. By failing to intervene, the unreasonable

search and seizure that resulted in police brutality violated the Plaintiff's Fourth Amendment rights as incorporated by the Due Process Clause of the Fourteenth Amendment.

43. Defendants, and each of them, were deliberately indifferent to the harm that Plaintiff suffered and continued to suffer as a result of the aforementioned constitutional violations.

44. Defendants' deliberate indifference directly and proximately caused Plaintiff's injuries as alleged herein. Moreover, by failing to intervene the Department further ratified the conduct of Officer Ramirez. Sgt. Jacobs failed to reprimand and/or in any other way punish, correct, or explain Officer Ramirez's unlawful actions. Sgt. Jacobs further failed to follow up by way of any investigation into the unlawful conduct of Officer Ramirez, thereby further ratifying Officer Ramirez's illegal actions.

45. As a direct and proximate result of the foregoing, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury and re-injury to her body and person, which have caused, and will continue to cause, Plaintiff great physical, mental, and emotional pain and suffering, all to her general damage in a sum which will be proven at trial.

46. The actions of Defendants involved evil motive and intent and also involved reckless, callous, and deliberate indifference to the federally protected rights of Plaintiff entitling her to punitive damages and prejudgment interest on all sums awarded at trial.

47. Plaintiff is also entitled to an award of reasonable attorney fees and costs, pursuant to statute.

48. Defendants' deliberate indifference directly and proximately caused Plaintiff's injuries as alleged herein.

49. As a direct and proximate result of the aforementioned acts of Defendants, Plaintiff suffered damages in a sum according to proof including, but not limited to, economic damages and pain and suffering, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs pursuant to statute.

### THIRD CAUSE OF ACTION
### ASSAULT AND BATTERY
### (By Plaintiff NAKEMMA BORDLEY-ROMERO Against ALL DEFENDANTS

50. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 49 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

51. In doing the acts described herein, Defendants intended to place Plaintiff in apprehension of an imminent, unwelcome and offensive contact with her person and did in fact come into contact with Plaintiff's person without her consent when Defendant Officer Ramirez intentionally and menacingly used excessive force in pushing and shoving Plaintiff twice, exposing Plaintiff to physical brutality and grossly excessive and unnecessary touching and/or abuse as alleged above. As a result of Defendants', and each of them, intentional acts, Plaintiff, in fact, was placed in great apprehension of imminent harmful and offensive contact with her person and was the victim of police brutality and battery.

52. Defendants' conduct, as described above, caused Plaintiff to be apprehensive that Defendants would subject her to intentional invasions of her right to be free from offensive and harmful contact and demonstrated that at all times material herein, Defendants had a present ability to subject Plaintiff to an intentional offensive and harmful touching and did in fact commit an offensive and harmful touching of Plaintiff's person.

53. Defendants' conduct was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights.

54. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation hospital and medical expenses and pain and suffering, mental and emotional distress and damages, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to statute and/or any other provision of law providing for prejudgment interest.

55. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, physical injury and emotional distress. Plaintiff has and continues to treat with medical doctors for the injuries sustained by Defendants, and is informed and believes and thereon alleges that she will continue to experience said pain and physical and emotional suffering for a period in the future

1 | she cannot presently ascertain, all in an amount subject to proof at the time of trial.

2 | 56. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorney's fees and costs in connection therewith.

57. Due to the actions of all Defendants, each Defendant is legally responsible for the damages as alleged herein by Plaintiff, including special damages, general damages, and punitive damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENT EMPLOYMENT/RETENTION/SUPERVISION
## (By Plaintiff NAKEMMA BORDLEY-ROMERO Against COUNTY OF LOS ANGELES, CITY OF LONG BEACH, LONG BEACH SHERIFF'S DEPARTMENT)

58. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 57 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

59. At all times relevant hereto, Defendant's COUNTY, CITY AND/OR LBPD possessed the power and authority to hire and fire their respective employees, including the subject officer involved in the wrongs committed against Plaintiff as alleged herein.

60. Defendants owed to Plaintiff a duty of reasonable care in hiring, training, supervising, disciplining and/or retaining their respective employees.

61. Defendants breached said duty by, among other things:

  a. Regularly and continuously failing to adequately train its officers in the appropriate use of force including, but not limited to, the Constitutional limitations on such use of force;

  b. Regularly and continuously failing to adequately train its officers in identifying a person who presents a threat of force as opposed to one who does not;

  c. Regularly and continuously failing to adequately supervise, monitor, discipline, and otherwise control the actions of its officers;

  d. Regularly and continuously failing to reprimand, admonish, punish, or

discipline officers who use excessive force or otherwise violate the civil rights of citizens;

  e. Regularly and continuously failing to investigate, in good faith, allegations of excessive and unreasonable use of force by its officers;

  f. Regularly and continuously encouraging the use of force through actual and de facto policies through the practice, policy, custom, and pattern as alleged herein above as a code of silence.

  62. Because of the DEFENDANTS COUNTY, CITY AND/OR LBPD'S pattern, practice or custom of the code of silence, the Defendant officers believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or disciplined, but instead would be tolerated and/or encouraged.

  63. DEFENDANTS COUNTY, CITY AND/OR LBPD negligently, carelessly and recklessly, hired, employed, retained and failed to properly supervise, train and control the individually named Defendants herein (and employees of the Defendants named in this cause of action), and each of them, inclusive, as peace officers and assigned said Defendants to duties which enabled each of them to violate the law and police department's written policies, including but not limited to using excessive force and covering up acts of police misconduct and crimes, all while purporting to act under the color of law.

  64. As a direct and proximate result of the foregoing, Plaintiff was harmed when the Defendant Officers employed excessive and unreasonable force on her in violation of Plaintiff's Constitutional rights. Plaintiff has been damaged as recited above and demands and are entitled to the damages recited in the First Cause of Action, including, but not limited to, general and special damages.

**FIFTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(By Plaintiff NAKEMMA BORDLEY-ROMERO Against All Defendants)**

  65. Plaintiff refers to and re-plead each and every allegation contained in paragraphs 1 through 64 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

66. Defendants, and each of them, owed Plaintiff a duty of care including, but not limited to, care, service and protection. Said Defendants had a duty to protect and serve their community, including Plaintiff, as well as a duty to carry out their work in a reasonably safe, legal and appropriate manner.

67. Plaintiff was entitled to protection against excessive and unreasonable force and against violations of her civil and Constitutional Rights.

68. Instead, Defendant Officer RAMIREZ went above and beyond the bounds of his duty to protect and serve, and of common decency and courtesy, by brutally physically assaulting and injuring Plaintiff, an obviously disabled woman, in front of her fiancé and sister, for no justifiable reason. Plaintiff was not involved in the altercation for which Officer Ramirez had responded, nor did she pose any type of threat to the Officer or anyone else on the scene.

69. Plaintiff was not involved in any actions or activity that posed an illegal action, any movement, or any possible threat to Officer RAMIREZ. Plaintiff's fiancé and sister repeatedly told the Officer that Plaintiff had recently had surgery, and she was wearing a leg brace and moving slowly with the assistance of a cane.

70. In doing the aforementioned, Defendants' conduct was intentional, outrageous, malicious, and done for the purpose of or with reckless disregard for the consequences suffered by Plaintiff, ultimately causing Plaintiff to suffer emotional suffering and mental distress, physical pain, fear, anxiety, and mental anguish.

71. Plaintiff suffered two physical assaults at the hands of Defendant RAMIREZ, causing her to suffer physical injuries (including the imprint of RAMIREZ's gun against her hip) as well as aggravation of her previous leg injury.

72. As a direct and proximate result of the foregoing, Plaintiff has suffered, and continue to suffer, mental and emotional distress and are entitled to and demand damages against Defendants jointly and severally, as recited in the First Cause of Action, including, but not limited to general and punitive damages in an amount to be proven at trial.

///

///

15

1  ///

2  ///

## PRAYER

**WHEREFORE**, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE:

1. For General damages according to proof;

2. For Special damages according to proof;

3. For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;

4. For attorney's fees pursuant to statute;

5. For Costs of suit;

6. For such other and further relief as the Court may deem proper.

DATED:   November 7, 2014        KRUPNICK & KRUPNICK,
                                 A Professional Law Corporation

                                 By: _____
                                 Matthew P. Krupnick
                                 Stephanie E. Story
                                 Attorneys for Plaintiff
                                 NAKEMMA BORDLEY-ROMERO

## PLAINTIFF'S JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED:   November 7, 2014        KRUPNICK & KRUPNICK,
                                 A Professional Law Corporation

                                 By: _____
                                 Matthew P. Krupnick
                                 Stephanie E. Story
                                 Attorneys for Plaintiff
                                 NAKEMMA BORDLEY-ROMERO